IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| AHMAD OTHMAN, | § |
| | § No. 377, 2022 |
| Petitioner Below, | § |
| Appellant, | § Court Below—Superior Court |
| | § of the State of Delaware |
| v. | § |
| | § C.A. No. 22X-00395 (S) |
| STATE OF DELAWARE, | § |
| | § |
| Respondent, | § |
| Appellee. | |

Submitted: February 10, 2023
Decided: April 10, 2023

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## **ORDER**

Upon consideration of the parties' briefs and record on appeal, it appears to the Court that:

(1) The appellant, Ahmad Othman, filed this appeal from a Superior Court order denying his petition for expungement. After careful consideration of the parties' arguments, we affirm the Superior Court's denial of the petition and the motion for reargument.

(2) In June 2022, Othman filed a petition for expungement of past convictions for which he had received a pardon. He sought expungement because he was in school for criminal justice and planned to get a job as an immigration officer after graduation. The State opposed expungement, contending that the

criminal record should remain in place for completion of a proper law enforcement background check.

(3) On September 16, 2022, the Superior Court denied the petition. The Superior Court held that Othman had failed to establish manifest injustice as required for discretionary expungement because a law enforcement agency could still review his criminal records in considering his application for employment. The Superior Court also found that Othman was not entitled to discretionary expungement because his multiple traffic violations showed a continuing refusal to abide by the laws of Delaware.

(4) On September 30, 2022, Othman filed a motion for reargument. He argued, among other things, that a bank had recently withdrawn a conditional offer of employment based on his criminal record. The Superior Court denied the motion for reargument as untimely. The Superior Court also found that although Othman had shown manifest injustice in his motion for reargument, he still had numerous traffic violations showing a lack of respect for the laws of Delaware. This appeal followed.

(5) On appeal, Othman argues that he established manifest injustice in his motion for reargument and that his traffic violations should not preclude expungement of his criminal record. This Court reviews a trial court's decision on

2

expungement for abuse of discretion.[1]  A trial court's discretionary "rulings will not be disturbed unless it clearly appears that the rulings were based on unreasonable or capricious grounds."[2]

(6)    Under Section 4375, Othman could seek discretionary expungement of records of crimes for which he was pardoned.  He had the burden of alleging specific facts showing that the continued existence and possible dissemination of information relating to his arrest or conviction caused or could cause circumstances constituting a manifest injustice to him.[3]   In his petition, Othman tried to satisfy this burden by alleging that his criminal record could interfere with his plans to become an immigration officer.

(7)    As the Superior Court recognized, a law enforcement agency would still be able to review Othman's expunged criminal records in considering his application for employment.  Section 4376 provides:

> Except for disclosure to law-enforcement officers acting in the lawful performance of their duties in investigating criminal activity or for the purpose of an employment application as an employee of a law-enforcement agency, it is unlawful for any person having or acquiring access to an expunged court or law-enforcement agency record to open or review it or to disclose to another person any information from it without an order from the court which ordered the record expunged.[4]

---

[1] *Faulkner v. State*, 2017 WL 6015764, at *2 (Del Dec. 4, 2017); *Hechinger v. State*, 1998 WL 138932, at *2 (Del. Feb. 27, 1998).
[2] *Hechinger*, 1998 WL 137932, at *2.
[3] 11 *Del. C.* § 4374(f).
[4] 11 *Del. C.* § 4376(a)(1).

3

The Superior Court did not err therefore in finding that Othman's petition failed to establish manifest injustice and denying the petition.

(8) Nor did the Superior Court err in denying Othman's motion for reargument. A motion for reargument must filed within five days of the Superior Court order for which reargument is sought.[5] The Superior Court issued the denial of Othman's petition on September 16, 2022, making a timely motion for reargument due by September 23, 2022. Othman filed his motion for reargument on September 30, 2022. Even if the motion had been timely, the purpose of a motion for reargument is to ask the trial court to reconsider whether it overlooked an applicable legal principle or misapprehended the law or facts, not to raise new facts and arguments.[6]

(9) Because the Superior Court did not err in finding that Othman's petition for expungement failed to establish manifest injustice and that his motion for reargument was untimely, we do not address the Superior Court's ruling that Othman showed manifest injustice in his motion for reargument but was not entitled to expungement based on his traffic violations.[7]

---

[5] Del. Super. C.t Civ. R. 59(e).
[6] *Dickens v. Coupe*, 2019 WL 1220717, at *2 (Del. Mar. 13, 2019).
[7] 11 *Del. C.* § 4374(f) (providing that the trial court shall order expungement if it finds manifest injustice).

4

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior

Court is AFFIRMED.

BY THE COURT:


*/s/ Collins J. Seitz, Jr.*
Chief Justice

5